UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BARRY SCOTT TURKOWITZ and<br>BRYAN RICHARDSON,<br><br>           Plaintiffs<br>v.<br><br>TOWN OF PROVINCETOWN, WARREN<br>TOBIAS, individually and in his capacity as<br>ACTING CHIEF OF THE PROVINCETOWN<br>POLICE DEPARTMENT, JEFF JARAN,<br>individually and in his capacity as CHIEF OF THE<br>PROVINCETOWN POLICE DEPARTMENT,<br>MICHAEL BARONE, ANTHONY BOVA,<br>THOMAS STEELE, MONICA HIMES,<br>SGT. CARRIE LOPES and  EDWARD FOLEY,<br><br>           Defendants | C.A. NO. 10CV10634-NMG |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' OPPOSITION TO SPECIAL MOTION TO DISMISS
UNDER THE "ANTI-SLAPP" STATUTE, M.G.L. 231 §59H AND
MOTION TO DISMISS UNDER FED. R. CIV. P. 12 (b)(6) BY DEFENDANT FOLEY**

**I. Statement of Facts**

In July, 2007, defendant Edward Foley resided at 4 Holway Avenue in Provincetown, Massachusetts, in a property he owned. [Complaint ¶12]  He held a 40th Birthday Party on July 14, 2007, for which he hired plaintiff Barry Scott Turkowitz to be the DJ. [Complaint ¶12]   In the course of the party the Provincetown police came three times in response to a neighbor's complaints of noise [Complaint ¶15-18], but the complainant did not know the source of the noise.  [Complaint ¶15]

The responding police did not speak with plaintiff Turkowitz the first two times they responded.  The first time they spoke with a guest, as defendant Foley was not there.  [Complaint ¶16]   The second time they spoke with defendant Foley and issued him a citation.  [Complaint ¶19]

Having issued defendant Foley a noise citation, when the police returned a third time, they ordered plaintiff Turkowitz to shut off the music and shut down the party. [Complaint ¶23] Although plaintiff Turkowitz immediately complied with their order [Complaint ¶24], the defendant police arrested him "[w]ithout justification or provocation" and used excessive force in doing so. [Complaint ¶26]

"In the weeks following the incident, defendant Foley spoke to several reporters and wrote a letter to Provincetown officials decrying the brutality of defendants Barone, Bova, Steele and Himes in their treatment of plaintiffs Turkowitz and Richardson." [Complaint ¶44] Nonetheless, when called to testify, defendant Foley, in contradiction to the statements he had made, some quoted in the press, immediately after the incident, changed his story, testifying against plaintiff Turkowitz, in collusion with the prosecuting defendant police officers. [Complaint ¶48]

Defendant Foley changed his story "in return for favorable consideration from the defendant town with respect to zoning and building variances and other like consideration". [Complaint ¶49]

## II. Procedural History

Plaintiff filed this case on April 15, 2010. Upon being served, defendant Foley responded by filing a motion to dismiss, under the "Anti-Slapp" statute, M.G.L., c. 231 §59H and under F.R.C.P., Rule 12(b)(6), alleging that the complaint fails to state a claim against him.

## III. Argument

### A. The "Anti-Slapp" statute

The "Anti-Slapp" statute, M.G.L., c. 231 §59H, as defendant Foley admits, is designed to protect individuals from "strategic litigation against public partcipation" [defendant's

memorandum, p. 3, citing _Keegan v. Pellerin_, 76 Mass. App. Ct., 186, 187, 920 NE2d 888 (2010).  Thus the acronym "SLAPP" suit.

"SLAPP suits 'generally target individuals for "reporting violations of law, writing to government officials, attending public hearings, testifying before government bodies, circulating petitions for signature, lobbying for legislation, campaigning in initiative or referendum elections, filing agency protests or appeals, being parties in law-reform lawsuits, and engaging in peaceful boycotts and demonstrations." ' _Fustolo v. Hollander_, 455 Mass. 861, 920 N.E.2d 837, 38 Media L. Rep. 1635 (Mass., 2010), Footnote 6 [internal cites omitted] "The 'typical mischief' the Legislature intended G.L. c. 231, § 59H (§ 59H), to address 'was lawsuits directed at individual citizens of modest means for speaking publicly against development projects.'" _Fustolo v. Hollander_, supra, citing _Duracraft Corp. v. Holmes Prods. Corp._, 427 Mass. 156, 161-162, 691 N.E.2d 935 (1998)

While Anti-SLAPP motions to dismiss have been allowed in wider circumstances than the classic SLAPP lawsuit directed against "citizens of modest means speaking publicly against development projects", the movant, in this case defendant Foley, still must first "make a threshold showing that the claims against him are based solely on 'petitioning' activities. _Duracraft Corp. v. Holmes Prod. Corp._, supra 167-168,  _Office One, Inc. v. Lopez_, 437 Mass. 113, 122, 769 N.E.2d 749 (2002)

The movant must then show that the claims against him were "devoid of any reasonable factual support or any arguable basis in law," and that the moving party's activities "caused actual injury to the responding party."  _Wenger v. Aceto_, 451 Mass. 1, 4, 883 N.E.2d 262 (2008) Defendant Foley can do neither, thus his "Anti-Slapp" motion should be denied.

1. **Defendant Foley was not engaged in "petitioning" activity when he colluded with the defendant police to frame plaintiff Turkowitz**.

In order to argue that his conduct was limited solely to his petitioning activity, defendant Foley claims that his activities "are based solely on his statement to the police on September 14, 2007, and his trial testimony", relying on *Keegan v. Pellerin*, 76 Mass.App.Ct. 186, 920 N.E.2d 888 (2010) for the proposition that a statement made to the police "is clearly an activity that the anti-SLAPP statute firmly protects".

However, this is broader than actual language of *Pellerin*, that "reporting suspected criminal activity to the police and filing criminal complaints are activities the anti-SLAPP statute firmly protects".  Defendant Foley's problem is that he was neither "reporting suspected criminal activity" or "filing a criminal complaint".  What he was doing was to change his original, arguably truthful, statement, in conspiracy with the defendant police, colluding to frame plaintiff Turkowitz in return for favorable treatment from Town officials with regard to his property in town.

Defendant Foley did not report a crime to the police or file a criminal complaint against plaintiff Turkowitz.  To the contrary, his original action in relation to Turkowitz' arrest was to publicly state in emails and statements reported in the local press that the arrest of Turkowitz (known to Foley by his stage name of Barry Scott) was wrongfully arrested and "the [Provincetown] police arrested Barry Scott, in my opinion . . . with excessive force."   These emails and quotes in the local press were the basis for the allegations in ¶48 of the complaint that defendant Foley changed his story to assist the defendant police in their malicious prosecution of plaintiff Turkowitz.

Changing a story to aide and abet a false prosecution is quite different than the limited protected petitioning activity of reporting a crime. As the Massachusetts Supreme Judicial Court reiterated in <u>Correlas v. Viveiros</u>, 410 Mass 314, 572 NE2d 7 (1991), improperly relied upon by defendant Foley, that "the report of a crime is only conditionally privileged". <u>Correlas</u>, supra, 322, 12. That privilege does not extend to colluding with police to frame an innocent plaintiff in order to cover up the wrongful arrest and assault and battery of that plaintiff. Such conduct is not protected petitioning activity.

> **2. Where there are plausible allegations that Defendant Foley colluded with the defendant Provincetown Police to frame Plaintiff Turkowitz, in return for favorable licensing treatment and other favors, Foley cannot show that the claims against him are "devoid of any reasonable factual support or any arguable basis in law".**

Having failed to establish that his collusion with the defendant Provincetown Police is not protected petitioning activity, defendant Foley is also unable to show that the claims against him are "devoid of any reasonable factual support or arguable basis in law". To the contrary, plaintiff has pled facts that show that defendant Foley, after pronouncing in emails and to the local press that plaintiff Turkowitz did nothing wrong and that the defendant Provincetown Police not only has no basis to arrest him, but used excessive force in doing so, changed his story in return for favorable treatment from the Town of Provincetown.

Defendant Foley argues that "Turkowitz cannot meet his burden if Foley shows that he had reasonable factual support for his statement, even if it turns out to be erroneous." The problem for Foley is that where he changed his first, honest and truthful statement for self-serving reasons, plaintiff can prove that defendant Foley did not have "reasonable factual support" for his second statement, as his earlier statement undermines any such claim of good faith.

**B.  The 12(b)(6) motion should also be denied, as Plaintiff Turkowitz' claims of conspiracy and defamation are "plausible on [their] face", thus he has stated claims for which relief can be granted**.

As defendant Foley acknowledges, a plaintiff, even after _Ashcroft v. Iqbal_, 550 U.S. 544 (2007), is still entitled to have all well-pleaded facts in the complaint accepted as true and to have all reasonable inferences accepted in favor of the plaintiff. Defendant's Memorandum, p. 6, citing _Watterson v. Page_, 987 F2d 1, 3 (1st Cir., 1993).

Given that defendant Foley's statement made in collusion with the police defendants is contradicted by his earlier statements, made in emails and published in local media, it is reasonable to make the inference that defendant Foley altered his testimony in exchange for resolution of his own citation (after all, he was the one who the police warned in their earlier trip to the party at his home and he was the one cited for the noise violation, not the plaintiffs) or for favorable treatment with respect to the variance he sought for his real estate at 4 Holway Avenue, Provincetown.

Where such a reasonable inference can be drawn that the defendant changed his story in collusion with the police defendants, to help them prosecute plaintiff Turkowitz and to help them cover up their wrongful violations of his civil rights and the civil rights of Bryan Richardson, plaintiff Turkowitz has made out a plausible claim for which relief can be granted and the portion of defendant Foley's motion to dismiss based on F.R.C.P., Rule 12(b)(6) should also be denied.

**C.  Testimony that is altered as part of a conspiracy to violate civil rights is not privileged.**

Defendant Foley is not correct that "statements made to police during the course of a criminal investigation are absolutely privileged. In fact, the very case cited by the defendant in support of this contention, _Correlas v. Viveiros_, supra, makes clear that the privilege is far from

**absolute**, limiting the claimed privilege "may" apply "in appropriate circumstance". *Correlas v. Viveiros*, supra at 320-321.  Certainly changing one's story in return for favorable treatment when one know that the consequences are that someone you pronounced to be innocent will now be subject to criminal prosecution for a crime you know he did not commit is hardly the "appropriate circumstance" contemplated by the Supreme Judicial Court in *Correlas*.

>    **D.  Where defendant Foley was placed on notice that he reliance on Correlas was improper, his decision to proceed with an Anti-SLAPP motion was without basis and served only to harass and delay, such that he should be ordered to pay plaintiff's reasonable attorneys fees incurred in defending this motion**.

Prior to the filing of this motion, there was an exchange of correspondences [See exhibits A and B, hereto] between counsel, in which plaintiff's counsel pointed out that the claims against Foley were neither frivolous not solely based "entirely on his statements to the police", as alleged by defendant Foley. [See Exhibit A]  Additionally, counsel engaged in substantive discussion, as suggested by plaintiff's counsel in the last sentence of his letter, Exhibit B.  In this discussion, the substantive basis of plaintiff Turkowitz' claim was made clear.

Although informed of the basis of the claims asserted against him and of the lack of applicability of the Anti-SLAPP statute, defendant Foley proceeded with this motion, nonetheless.  Thus by signing the motion, counsel for the defendant has violated F.R.C.P., Rule 11 (b) which states that such signature is certification that the legal arguments made in the pleading are warranted by existing law.

In accordance with the procedure set forth in F.R.C.P., Rule 11 ( c)(1), plaintiffs seek an order that the defendant Foley respond as to why he persisted in filing a motion, in violation of F.R.C.P., Rule 11 (b), after being advised that it was without basis, in anticipation of awarding the plaintiff Turkowitz reasonable attorneys fees incurred in responding to this motion.

                Respectfully submitted,
                Plaintiffs, by their counsel,

Date: August 11, 2010                /s/ Andrew M. Fischer
                                            Andrew M. Fischer
                                            BB0# 167040
                                            JASON & FISCHER
                                            47 Winter Street
                                            Boston, MA 02108
                                            (617) 423-7904
                                            afischer@jasonandfischer.com

## CERTIFICATE OF SERVICE

I, Andrew M. Fischer, hereby certify that a copy of this Motion was served upon the attorneys of record for each other party by filing through the CM/ECF system on August 11, 2010.

                                            /s/ Andrew M. Fischer

turkowitz\oppsSLAPPmodism