United States District Court
District of Massachusetts

```
_____
                               )
BARRY SCOTT TURKOWITZ and      )
BRYAN RICHARDSON               )
        Plaintiffs,            )
                               )   Civil No.
        v.                     )   10-10634-NMG
                               )
MICHAEL BARONE, ANTHONY BOVA,  )
THOMAS STEELE and MONICA HIMES,)
        Defendants.            )
_____)
```

MEMORANDUM AND ORDER

**GORTON, J.**

Defendants seek reconsideration by the Court of two of its rulings on motions in limine which were made from the bench at the pretrial conference.

First, defendants' motion to preclude testimony concerning events occuring at the police station (Docket No. 109) was properly denied.  Testimony concerning Mr. Richardson's back ailment is relevant to establish damages resulting from the alleged unlawful arrest and use of excessive force.  Testimony concering Officer Steele's purported refusal to assist Richardson is relevant to the question of liability on his claim for intentional infliction of emotional distress against Steele.

Second, plaintiffs' motion to exclude three reports authored by independent medical evaluators (Docket No. 114) was properly denied without prejudice because Richardson's statements

-1-

contained within the reports may be admissible as admissions by a party opponent under Fed. R. Evid. 801(d)(2), if Richardson's statements contained in those documents are properly authenticated or, on cross examination, as extrinsic evidence of a prior inconsistent statement under Fed. R. Evid. 613(b).

The IME reports are not, however, admissible under Fed. R. Evid. 803(4) because they emanate from appointments made for evaluation *only* and not for care, treatment or consultation. Plaintiff's statements during those visits were not, therefore, made for purposes of obtaining treatment of his condition and lack the indicia of truthfulness justifying that particular hearsay exception.

Nor are the reports admissible as business records under Fed. R. Evid. 803(6).  The three cases defendants cite in support of that proposition all consider medical records maintained by the declarant's treating physicians.  Where as here, the evaluating doctor creates the report at the request of the plaintiff's employer rather than in the regular course of treating the plaintiff's medical condition, the reports lack the indicia of truthfulness justifying that exception.

**So ordered.**

　　　　　　　　　　　　　　　　/s/ Nathaniel M. Gorton　　　
　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　United States District Judge
Dated November 1, 2012